IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mohamed Reza Karimi,                 Case No. 4:06 CV 2854

           Petitioner,                  MEMORANDUM OPINION
                                                          AND ORDER
-vs-
                                                          JUDGE JACK ZOUHARY
United States of America,

           Respondent.

On October 10, 2006, *pro se* Petitioner Mohamed Reza Karimi filed a "Motion for Credit for Time Served in 'Official Detention'" in the United States District Court for the Northern District of Texas. *Karimi v.United States*, No. 3:06 CV 1951D (N.D. Texas, filed Oct. 10, 2006). Upon Order issued October 23, 2006, Magistrate Judge Jeff Kaplan directed the District Clerk to docket the pleading as an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

In a Transfer Order, dated November 20, 2006, Magistrate Kaplan advised Petitioner that he must seek habeas relief from the district court where he is held in custody. Because Petitioner was incarcerated at the Northeast Ohio Correctional Center (NEOCC) in Youngstown, Ohio, the matter was transferred to the United States District Court for the Northern District of Ohio. The Transfer Order was filed in this Court on November 27, 2006. Petitioner, who is still incarcerated at NEOCC, brings this action against the United States of America seeking an Order directing the (Bureau of Prisons (BOP) to credit his sentence for "time served." The Petition is now before this Court for review.

## BACKGROUND

Police officers in Dallas, Texas arrested Petitioner on September 29, 2005. He was subsequently charged with credit card fraud. The following day, he was taken into custody by the United States Secret Service and held at the Euless Police Station near Dallas. Petitioner was bound over to the Immigration and Naturalization Service (I.N.S.) on October 21, 2005, and remained with the I.N.S. until November 29, 2005. Although the BOP credited twenty-three (23) days to his sentence for the September 29, 2005 to October 21, 2005 period he was held by the Dallas police and Secret Service, he complains he has not been given credit for the thirty-nine (39) days he spent in "official detention" from October 21, 2005 until November 29, 2005.

Citing 18 U.S.C. § 3585, Petitioner asserts that the BOP is required to credit an additional thirty-nine (39) days to his current sentence. He asserts he is entitled to statutory relief regardless of "whether detention results from offense for which the sentence was imposed or from arrest on another charge after the commission of the offense for which the sentence was imposed" (Doc. No. 2, p. 3).

## 28 U.S.C. § 2241

Claims challenging the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Here, the matter was properly transferred to this Court because Petitioner's claim arises in habeas corpus and only the United States District Court in the district in which he is incarcerated can address it. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas

petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."). For reasons set forth below, this Court cannot address the merits of Petitioner's claim.

## EXHAUSTION

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam). Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 (2006) (and not pursuant to PLRA provision § 1997e(a)) may the prisoner then seek § 2241 judicial review. *United States v. Oglesby*, 52 Fed.Appx. 712, 714, 2002 WL 31770320 at *2 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)). The exhaustion of administrative remedies required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, is a wholly judicially created requirement. *See Wesley v. Lamanna*, 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir. 2001).

The judicially imposed non-statutory requirement of exhaustion of BOP administrative remedies for a federal prisoner seeking to bring a § 2241 petition is set forth at 28 C.F.R. §§ 542.10 - .16 (2006). Section 542.13(a) demands that an inmate informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy (BP-8.5). If the inmate cannot informally resolve his complaint, then he may file a formal written complaint (BP-9) "within fifteen (15) calendar days of the date on which the basis of the complaint occurred." *See* § 542.13(b). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional

Director's response, the inmate may appeal (BP-11) that decision to the Office of General Counsel. *See* § 542.15.

Here, there is no suggestion in the Petition that Petitioner attempted to exhaust his administrative remedies through the BOP. The Sixth Circuit has stated that, "the Bureau of Prisons should be given the opportunity to consider the application of its policy to [petitioner's] claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (quoting *Taylor v. United States*, 62 F.3d 1418 (6th Cir. 1995) (unpublished table decision)).

Based on the foregoing, this matter is dismissed without prejudice for failing to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 26, 2007